IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RAMON R. CERECERES,**

    **Plaintiff,**

 v.                                                                                                            No. 14-cv-0037 SMV

**CAROLYN W. COLVIN, Acting Commissioner of**
**Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on its Order to Show Cause [Doc. 19] ("OSC"), filed on June 2, 2014. Plaintiff was ordered to show cause no later than June 23, 2014, why his case should not be dismissed without prejudice for lack of prosecution because he failed to file a Motion to Reverse or Remand Administrative Agency Decision ("MRR"). *Id.* To date, Plaintiff has failed to file the MRR, as ordered by the Court, and he has failed to request an extension of time to do so. Accordingly, the case will be dismissed without prejudice.

Plaintiff filed this action pro se on January 13, 2014, appealing the final decision of the Social Security Administration, which denied his claim for social security disability benefits. [Doc. 1]; Tr. 16 (indicating the type of benefits claim at issue). In his Complaint, Plaintiff identified three reasons that remand was warranted. First, he argued that "there is new and material evidence to support [his] claim for disability." [Doc. 1] at 2–3. Second, he argued that he had been denied due process of law when his request for review (presumably by the Appeals Council) was denied. *Id.* at 3. Finally, he argued that the Commissioner's final decision was not

supported by substantial evidence.  *Id.* at 3.  Other than these conclusory arguments, Plaintiff's Complaint does not explain—in any way—why he is entitled to relief.  *See* [Doc. 1].

The Court set a briefing schedule, and Plaintiff's MRR was due by May 23, 2013. [Doc. 15].  By June 2, 2014, Plaintiff had not filed any MRR, and the Court ordered him to show cause why his case should not, therefore, be dismissed.  [Doc. 19].  On June 17, 2014, Plaintiff submitted seven pages of medical records, which were docketed by the Clerk as Plaintiff's response to the OSC.  [Doc. 20].  Plaintiff did not otherwise respond to the OSC.  He did not file a MRR, nor has he requested an extension of time to do so.

The Court finds that dismissal is warranted in this case.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (outlining factors to consider in dismissing a case).  Defendant will suffer prejudice and the judicial process will be stymied if the case proceeds with no MRR from Plaintiff.[1]  Plaintiff has offered no explanation for his failure to file the MRR, but more importantly, he has not asked for an extension of time or otherwise indicated that he has any intention of filing it.  The Court warned Plaintiff that his case may be dismissed for his failure to prosecute his claim, but he still failed to file the MRR.  Finally, the Court finds that lesser sanctions would not be effective in this situation.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** for lack of prosecution.  *See* Fed. R. Civ. P. 41(b); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147,

---

[1] The Court has reviewed the submissions that Plaintiff has presented, but they are insufficient.  There is nothing on the record explaining what evidence Plaintiff believes is "new and material" or why he believes that the Appeals Council erred in denying review.  Nor is there any explanation as to why Plaintiff believes the Commissioner's decision is not supported by substantial evidence.  Without specific support for the allegations contained in the Complaint, this case cannot proceed.  *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.") (internal quotation marks, citation, and brackets omitted).

1151 (10th Cir. 2007) (noting the court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to a plaintiff's failure to prosecute).

    **IT IS SO ORDERED**.

                                                  **STEPHAN M. VIDMAR**
                                                  **United States Magistrate Judge**
                                                  **Presiding by Consent**

Case 2:14-cv-00037-SMV   Document 21   Filed 07/03/14   Page 3 of 3

1151 (10th Cir. 2007) (noting the court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to a plaintiff's failure to prosecute).

    **IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

3